JOHN I. BROKAW, executor of estate of Caroline A. Voorhees, deceased,

*v.*

LOTTIE EMENS et al.

[Submitted February 5th, 1915. Decided February 8th, 1915.]

1. Under the rule that, if testator manifests an intention to vest in the first legatee the uncontrolled power of disposing of the property, a limitation over is void, a provision of a will, "the remainder of money to go to my niece * * * and at her death to her children," gives the first taker only a life estate.

2. Intention of testator, as ascertained by rules of construction for that purpose, must be followed by the court.

3. Where an aunt bequeathed money to a niece and on her death to her children, children born after the death of testatrix would take.

*Messrs. Codington & Blatz*, for the complainant.

*Mr. Clarence Garretson*, for the defendants.

BACKES, V. C.

Caroline·A. Voorhees left a will, in which she provided as follows:

"Item 7th: The remainder of money to go to my niece Mrs. Lottle Emens, of 572 57th St., Brooklyn, N. Y., and at her death to her children."

Mrs. Emens claims an absolute estate in the fund and contends that the bequest over to her children is invalid. The complainant, executor, prays a construction of this item and a determination of the rights of the parties thereunder. There seems to be nothing of an involved or complex nature in this provision. The principles and the rules of construction applicable are well settled in this state. In *Annin's Executors* v. *Vandoren's Administrator, 14 N. J. Eq. 135,* it was laid down that "the cases rest upon the principle that if the testator, either expressly or by implication, manifests an intent to vest in the first legatee the uncontrolled power of disposing of the property, such power involves the idea of absolute ownership, and the limitation over is void, as inconsistent with the rights of the first legatee." And in *McCloskey* v. *Thorpe, 74 N. J. Eq. 413,* Mr. Justice Swayze, in the court of errors and appeals, after a review of the authorities, said: "An examination of these cases demonstrates that if the language of the will is such as necessarily to imply an absolute power of disposition, the estate is absolute in the first taker, and such power of disposition is to be implied from an untrammeled power to expend the legacy." Adopting these deliverances as our guide, and bearing in mind our obligation to give full effect, if possible, to all of the terms of the will, and to carry out the intention of the testatrix, to be ascertained by the well-known rules of construction and interpretation, we must obviously arrive at the conclusion that the testatrix intended that the children of Mrs. Emens should enjoy the principal of the fund, undiminished, at their mother's death, for the will gives Mrs. Emens no right, directly or by implication, to consume the principal, or in any manner to dispose of it. The use—that is, the income, only was given to her for life. To reach any other result, would be to entirely ignore the limitation over to

the children, which, in the absence of compelling deductions or inferences to the contrary, to be gathered from the language of the will, is altogether unwarranted. See *Tooker* v. *Tooker, 71 N. J. Eq. 513.*

The executor's account has been confirmed by the orphans court of Somerset county, and he has in hand for disposition, under the quoted item of the will, $3,800, which he will be directed to pay to Mrs. Emens upon her giving security as provided by law. *3 Comp. Stat. p. 3089 § 8.*

Two of Mrs. Emens' children are of age, and by their answer have expressed their desire that their share of the estate be paid to their mother. But I apprehend that this cannot be done without endangering the estate. The limitation over was to all of the children of Mrs. Emens and will let in those hereafter born. If Mrs. Emens can prove that she is beyond the child-bearing period, it may be decreed that the shares of the consenting children be paid to her upon their giving releases to the executor.